IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANA A. GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0407 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANA A. GREEN. By his habeas application, petitioner challenges a July 25, 2003 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of riot, a Level 1, Code 8 offense and of fighting without a weapon or assaulting an offender without a weapon, which results in non-serious injury, a Level 2, Code 21 offense.[1] Petitioner was punished with the forfeiture of 178 days previously accrued good time credits.[2]

Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on August 1, 2003. Petitioner then filed a Step 2 grievance which

---

[1] The disciplinary records reflect that as a result of petitioner's Step 2 grievance, the second charge of fighting was stricken leaving only the riot charge. Petitioner's punishment was not changed.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

was denied on September 30, 2003. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 29th Judicial District Court of Palo Pinto County, Texas. In *State v. Green*, No. 12,081, petitioner pleaded guilty to the offenses of possession of a controlled substance and on October 17, 2002, petitioner was sentenced to a term of imprisonment of eight (8) years.

Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030309977 in the following respects:

1. Petitioner was denied due process because the hearing officer declined to personally view a video tape of the incident which petitioner contends would have proved his innocence; and

2. Petitioner was denied due process because the hearing officer failed to consider witness statements favoring a finding of innocence.[3]

---

[3] Petitioner did not raise this second claim in his habeas application however he raised it in his brief in support of his applicaiton.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. A review of the disciplinary records in this case reveals that petitioner was afforded all the procedural rights he was entitled to.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Petitioner's claims, that a video existed which would have exonerated him as well as certain witness statements, are in essence a challenge to the sufficiency of the evidence.[4]

At the hearing, the charging officer was called as a witness. She referred to the video tape and testified it implicated petitioner. Petitioner's counsel substitute cross examined the charging officer. Further, counsel substitute read into the record, witness statements which

---

[4] As argued by respondent, due process rights to not require a hearing officer to collect and produce evidence. Moreover, it does not appear petitioner ever requested the video tape before the hearing.

supported petitioner's contention he was not involved in the incident.  The testimony of the charging officer that petitioner was seen fighting with other inmates constitutes "some evidence" and was sufficient to convict petitioner, even though contradictory evidence was presented.  The hearing officer properly exercised his discretion in making credibility findings and in determining the weight to give to the evidence.  Even if this Court disagreed with the disciplinary finding and felt petitioner had produced sufficient evidence to warrant an acquittal, this Court may not substitute its judgment for the hearing officer's decision as long as there is "some evidence" to support the hearing officer.  For the reasons set forth above, petitioner's claims must fail.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DANA A. GREEN is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of October 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).